Scott, C.J.
The first three errors assigned are so far ■connected in their nature, and dependent upon the same considerations, that they may properly be considered together.
It is claimed by counsel, that the only issue made by the pleadings in the case is a- naked question of partnership in fact. And that, as the jury found specially, that the plaintiffs in error were not in fact members of the jfirm of J. R. Robinson & Co., they were entitled to judgment iiji their favor on this special finding, notwithstanding the general verdict, which found a liability inconsistent with the special finding. And we think it must be conceded, that if the special finding of facts is inconsistent with the general verdict, the plaintiffs in error should either have judgment, or the verdict should have been set aside and a new trial awarded. For the code provides, in section 277 (S. and C. 1026)’, “when the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may-give judgment accordingly.”
But is it true that the plaintiff below could maintain the issue on his part, only by showing that the plaintiffs in error were actual members of the firm ? Having charged all the defendants as partners, was he bound to show, that, inter sese, they were such? We think, clearly, not. “ If a person suffer his name to be used in a business or otherwise hold himself out as a partner, he is so to be considered whatever may be the agreement between him and the other partners.” Colly, on Part. 75; 3 Kent’s Com. 32, 33. It was enough for the plaintiff below, to show by its proofs that, the plaintiffs in •error had held themselves out as members of the firm, and had thus given it credit, in the transactions which constituted the cause of action. Third, parties have not, generally, the *179 means of knowing, and are, therefore, not bound to know the real relations which ostensible partners sustain toward each other. If they act as partners, and by their habit and course of dealing, conduct and declarations, induce those with whom they deal to consider them as partners, they are liable as such, and are estopped from denying the partnership. Colly, on Part. 669, 670, sec. 769; 2 Greenl. Ev. 397, sec. 483.
The issue made by the pleadings in this case, raised not merely the question of actual partnership, as counsel suppose, but the broader question of the right of the plaintiff below to charge the plaintiffs-in error as partners. Their answers denied all liability as such. . Evidence, showing that they had held themselves out as partners, and received credit accordingly, would as conclusively maintain the issue on the part of the plaintiff below, as proof of actual partnership.. 2 Greenl. Ev. 396-7, sec. 482. And, we think, it was clearly unnecessary that the pleadings should contain a statement of such facts, as are properly mere evidence of the main fact put in issue.
Was there, then, such an inconsistency between the facts specially found by the jury,- and their general verdict, as would make it the duty of the court to enter a judgment in favor of the defendants who had answered, or to set the verdict aside, and award a new trial ?
The record being silent on the subject, it is to be presumed that evidence had been offered to the jury, tending to show that Reber and Kutz were not in fact parties to the agreement, or contract, by which the firm of J. R. Robinson & Co. had been created, and were not actual members thereof, but that prior to the date of the note and account which constituted the plaintiff’s cause of action, the members of the firm of J. R. Robinson & Co., together with Reber and Kutz, had organized a new firm, under the name of the Ohio Cannel Oil Co., which continued to conduct and carry on the business of the firm of J. R. Robinson & Co. without any change in their mode of doing business, which would give notice to the customers of the old firm, of the change which had been made, and that the plaintiff had dealt with them as the old *180 firm of J. R. Robinson & Co,, in ignorance of such .change. We may presume, that on some such state of the proofs, the court, in the exercise of the discretionary power conferred by the 276th section of the code, directed the jury, if they should render a general verdict, to find specially on certain questions of fact, so as to show whether Reber and Kutz were liable to the plaintiff, as actual members of the firm of J. R. Robinson & Co.; or, if not, whether they were liable as partners, by reason of having so held themselves out, and having been dealt with accordingly. The jury rendered a general verdict for plaintiff below, and also found specially that Reber and Kutz were not actual members of the firm of J. R. Robinson & Co. This finding was not inconsistent with the general verdict; for, non constat, but that they had held themselves out as partners, and were, therefore, liable, as such, to the plaintiff below. Indeed, such is shown to have been the fact, by the farther special findings of the jury; which are not only not inconsistent with the general verdict, but show facts which justify and sustain it.
We see no error, then, in the entering of judgment by the court below, on the general verdict of the jury.
The 4th and 5th errors assigned, are based on the supposed right of the plaintiffs in error, to demand a second trial, as a matter of right, under the statute, or to take an appeal from the judgment of the superior court of Franklin county to the district court.
The act “ to establish the superior court of Franklin county,” passed March 21, 1857 (54 Ohio Laws, 86), does not provide for an appeal from its judgments to the district court. The 19th section of the act does provide for the review of the judgments rendered in said superior court, but only by the supreme court, on petition in error, filed by leave, etc. The act of April 12, 1858, “ to relieve the district courts, and to give greater efficiency to the judicial system of the state,” makes no provision for an appeal to the district court from any judgment, except such as may be rendered by a court of common pleas (S. and C. Stat. 1157, sec. 694) ; while the previous statute, which it repeals, allowed appeals to the district *181 court, not only from judgments of the courts of common pleas, but also from those of the superior and commercial courts of Cincinnati, and the superior court of Cleveland. (Swan’s Stat. of 1854, page 717.) This act of April 12,1858, also took away the right of appeal from judgments of the court of common pleas, in actions in which the parties have the right-by law to demand a trial by jury — and as a substitute therefor, gave the right to a second trial, in that class of cases, in the same court. Now, as no provision is made for appeal to the district court from any’judgment of either of the superior courts of the state, these courts do not fall within the reason of the statute, which provides for a second trial, in certain cases, in the couft of common pleas, as a substitute for the right of appeal, which is given, in that court, in all other cases. And it is certain that the terms of the statute give the right to a second trial, only in actions instituted in the court of common pleas. But this question is, in effect, decided by' the case of Blunt v. Kinney, Espy & Co. (8 Ohio St. Rep. 300), in which it was held that the act of April 12, 1858, in respect to a second trial of course, is not applicable to the superior court of Cincinnati. We see no sufficient reason for distinguishing between the superior court of Cincinnati, and that of Eranklin county, so far as the application of the act “ to relieve the district courts ” is concerned.
Judgment affirmed.
Sutliee, Peck, Gholson and Brinkerhoee, J J., concurred..